UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| LARRY SESCO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 06-03-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Larry Sesco ("Sesco") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 4, 5] Sesco seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to a Period of Disability or Disability Insurance Benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Sesco.

### I.     LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability

application.  20 C.F.R. § 404.1520(b).  Second, a claimant must show that he suffers from a severe impairment.  20 C.F.R. § 404.1520(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience.  20 C.F.R. § 404.1520(d).  Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (hereafter "RFC") and relevant past work to determine if he can do past work.  If he can, he is not disabled.  20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work.  If he cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992).  The substantial evidence standard "presupposes that there is a zone

of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of

credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### II.     BACKGROUND

Sesco was forty-six years old at the time of the hearing before the ALJ. He has a high school education and past work experience as a shuttle car operator and roof bolter in the coal mines. Sesco claims that he became disabled on March 5, 2000, due to chronic low back pain, shortness of breath, depressive disorder, anxiety disorder and hypertension. Although Sesco filed an earlier application for social security benefits in September 2000, that claim was denied. Sesco's present application for benefits was filed on April 28, 2003, and was denied initially and on reconsideration.

On May 19, 2004, an administrative hearing was held before ALJ James D. Kemper, Jr., in Prestonsburg, Kentucky. During this hearing, the ALJ heard testimony from Sesco and Leah Salyers, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Sesco. The ALJ concluded that Sesco retained the residual functional capacity to perform a significant range of light work. [Transcript ("Tr."), p. 21] Based on testimony from the VE, the ALJ further concluded that Sesco was capable of performing a significant number of jobs in the national economy. [Tr., p. 21]

### III.     DISCUSSION

Sesco's sole argument in this action is that the ALJ erred by failing to re-contact his treating physician, Dr. Nick Raschella. The ALJ discounted Dr. Raschella's conclusion that Sesco was disabled. Sesco argues that the ALJ should have re-contacted Dr. Raschella to "obtain additional information and clarification" of Dr. Raschella's opinions. (Clmt.'s Br. at 4).

Title 20 C.F.R. Section 404.1512(e) provides, in relevant part:

> Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

The ALJ was correct that the record did not support the conclusion that Sesco was completely disabled. Unsupported conclusions, even from treating physicians, are not accorded any particular deference. 20 C.F.R. § 404.1527(d)(2). Substantial evidence in the record supported the ALJ's decision to reject Dr. Raschella's disability determination.

Thus, 20 C.F.R. § 404.1512(e) did not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether Sesco was disabled. There was no conflict

or ambiguity in Dr. Raschella's report that required clarification. Rather, the problem with his report was its lack of objective evidence to support the claims and its inconsistency with the record.

Further, a Social Security Claimant is required to provide proof of his disability. 20 C.F.R. § 404.1513(c). When the Claimant does not present all of the evidence to the Commissioner, the Commissioner makes her determination based upon the available information. 20 C.F.R. § 404.1516. "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If Sesco wished to have the ALJ consider other evidence form Dr. Raschella, he should have provided it. He has not, however, even identified what evidence was lacking from the record before the ALJ. Instead, he has attempted to use an unrelated provision of the Code of Federal Regulations to require remand in search of information: (1) he cannot even identify and (2) assuming such evidence exists, he was required to provide without assistance from the Commissioner.

The ALJ considered Dr. Raschella's disability determination and properly discounted it. Substantial evidence in the record supported this conclusion.

### IV.     CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1)     The Claimant's Motion for Summary Judgment [Record No. 4] is **DENIED**;

(2)  The Commissioner's Motion for Summary Judgment [Record No. 5] is **GRANTED**; and

(3)  The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 13th day of November, 2006.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge